**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-10684
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TERRI GRANT

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-316-5

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Terri Grant appeals the 57-month sentence imposed following her conviction for conspiring to manufacture counterfeit United States $100 Federal Reserve Notes. She challenges the loss calculation, the reasonableness of the 57-month sentence, and the restitution order.

Grant's suggestion that she was entitled to have the loss amount determined by a jury or beyond a reasonable doubt lacks arguable merit in the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aftermath of *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Johnson*, 445 F.3d 793, 798 (5th Cir. 2006). Further, the Government adduced ample evidence at the sentencing hearing to provide a reasonable estimate of the amount of loss caused by Grant's involvement in the counterfeiting conspiracy. *See United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007). Because the loss amount is plausible in light of the record, there was no clear error in the district court's finding. *See id.*

Grant's 57-month sentence was within the guideline range adopted by the court. However, due to an apparent error in the offense level calculation in the presentence report, the sentence was actually below the proper guideline sentence of 60 months. Regardless whether the 57-month sentence is entitled to a presumption of reasonableness, it is reasonable because the court considered the advisory Guidelines, the sentencing factors of 18 U.S.C. § 3553(a), and Grant's personal history and characteristics as ably presented by counsel at the sentencing hearing. *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). The court adequately explained its reasoning in light of § 3553(a) and Grant's arguments for a below-guideline sentence. *See Mondragon-Santiago*, 564 F.3d 357, 362-63 (5th Cir. 2009); § 3553(c).

Grant's assertion that the restitution award is unconstitutional or unlawful because the court did not determine her ability to pay restitution is devoid of arguable merit. The court was not required to make such a finding. 18 U.S.C. § 3664(f)(1)(A); *United States v. Powell*, 354 F.3d 362, 369 (5th Cir. 2003). Grant's fears of automatic revocation for nonpayment are unfounded. *See Bearden v. Georgia*, 461 U.S. 660, 672-73 (1983); *United States v. Payan*, 992 F.2d 1387, 1397 (5th Cir. 1993); 18 U.S.C. § 3614. Moreover, the record evidence shows no clear error in the restitution amount, and the district court did not abuse its discretion in making the award. *United States v. Crawley*, 533 F.3d 349, 358 (5th Cir. 2008); *United States v. Beydoun*, 469 F.3d 102, 107 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.